

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| CODY WILLIAM MARBLE, | ) | CV 09-141-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| MIKE MAHONEY; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Marble, acting pro se, brought this action pursuant to 28 U.S.C. §

2254.  Magistrate Judge Lynch entered Findings and Recommendation in this

matter on December 29, 2009.  Judge Lynch recommended dismissing the petition

1

as time barred. Petitioner timely objected to the Findings and Recommendation on January 12, 2010, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Despite Petitioner's objections, I agree with Judge Lynch's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

## I.

Judge Lynch found Marble's federal petition to be untimely. This conclusion was based on a finding that Marble is not entitled to statutory tolling for the time during which his state habeas petition was pending in the Montana Supreme Court. In coming to this conclusion, Judge Lynch noted that a petition is not "properly filed" if it is denied because of "jurisdictional matters," Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005), and that statutory tolling only applies to "properly filed" petitions. 28 U.S.C. § 2244(d)(2). He then reviewed Montana's habeas jurisdiction, and the Montana Supreme Court's order denying Marble's habeas petition. Judge Lynch concluded that Marble's state petition was not "properly filed" and therefore he was not entitled to such statutory tolling.

2

**II.**

Petitioner raises several objections to Judge Lynch's finding that he was not entitled to statutory tolling. Petitioner also objects to the recommendation that a certificate of appealability should be denied. These objections are discussed in turn.

**a.**

First, Petitioner objects that his state habeas petition suffered no jurisdictional defect because the Montana Supreme Court had jurisdiction to review it. In support, he cites the Montana Constitution, which defines the state supreme court's original jurisdiction to include writs of habeas corpus "as may be provided by law." Mont. Const. art. VII, § 2. While true, state statutes and case law limit the court's ability to hear such writs. See Mont. Code Ann. § 46-22-101(2) (2009); Lott v. State, 150 P.3d 337 (Mont. 2006).

Additionally, Petitioner argues that his state petition suffered no jurisdictional defect in light of the fact that the court granted him leave to file the petition, and then found his petition "lacks merit." Judge Lynch addressed these issues. The Montana Supreme Court found his petition lacks merit not after reviewing the substance of his claims, but because state law "excludes the writ of habeas corpus as a vehicle to attack" his conviction. Simply put, the court could

3

not hear his petition.

**b.**

Next, Petitioner objects that his state petition, even with a jurisdictional

defect, is subject to statutory tolling. He bases this argument on a flawed reading

of Pace v. DiGuglielmo, 544 U.S. 408 (2005), which he reads to hold only

untimely petitions cannot toll the statute of limitations. His state petition was not

untimely. Pace, however, states that petitions that are denied because of

"jurisdictional matters" are not "properly filed," and thus not subject to statutory

tolling. Pace, 544 U.S. at 414; see also Ramirez v. Yates, 571F.3d 993 (9th Cir.

2009). That is what happened here.

**c.**

Petitioner also objects that any jurisdictional defect in his state petition only

procedurally barred his petition. A petition denied as procedurally barred is still

subject to statutory tolling. Artuz v. Bennett, 531 U.S. 4, 10-11 (2000). Judge

Lynch addressed this issue and found that the Montana Supreme Court's

characterization of its limitation to hear habeas relief as a "procedural bar" does

not control. Rather, what matters is how the state procedure functions. (See

Findings and Recommendation 13-14.) Pace makes clear that a petition that

suffers from a jurisdictional issue is not "properly filed," regardless if it is

4

characterized as procedurally barred. <u>Pace</u>, 544 U.S. at 414, 417.

### d.

In his findings and recommendation, Judge Lynch noted that a petitioner can file a "protective" petition in federal court to ask the court to stay and abey the federal habeas proceedings. <u>Pace</u>, 544 U.S. at 416. Petitioner argues a protective petition is only applicable when there is "reasonable confusion" whether his federal petition might be time barred, and there was no such confusion in his case. This objection is irrelevant because Petitioner's failure to file the protective order does not alter Judge Lynch's analysis that he is not entitled to tolling on his state petition.

### e.

Finally, Petitioner objects to Judge Lynch's recommendation denying a certificate of appealability. Petitioner argues jurists of reason would debate Judge Lynch's procedural ruling, but fails to identify any reason they would do so. Despite petitioner's saying otherwise, the law is clear that statutory tolling does not apply to filings that suffer jurisdictional defects, <u>see Pace</u>, 544 U.S. at 414; <u>Ramirez</u>, 571 F.3d at 999, and factually it is clear that his filing was denied for that reason.

I find no clear error in Judge Lynch's remaining findings and

recommendations.

## III.

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt #9) are adopted in full.

IT IS FURTHER ORDERED that Petitioner Marble's petition is DISMISSED WITH PREJUDICE as time-barred. The Clerk of Court shall enter judgment in favor of Respondents and against Petitioner Marble.

Finally, IT IS ORDERED that a certificate of appealability is DENIED.

Dated this _____ day of January, 2010.

Donald W. Molloy, District Judge
United States District Court

6