IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CODY WILLIAM MARBLE,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA; MIKE BATISTA, Director, Department of Corrections,<br><br>Respondents. | CV 09-141-M-DWM-JCL<br><br>ORDER |

Cody William Marble is a state prisoner represented by Assistant Federal Defender David Ness. This matter comes before this Court on Marble's writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Lynch recommends dismissing the petition with prejudice as untimely. (Doc. 34.)

Both Marble and Respondents timely filed objections to Judge Lynch's Findings and Recommendation, (Docs. 37 and 38), and are therefore entitled to *de novo* review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). The Court reviews the Findings and Recommendations not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore*

1

*Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). On behalf of Respondents, the Attorney General of the State of Montana objects to Judge Lynch's analysis of statutory tolling. However, the Attorney General does not object to Judge Lynch's ultimate finding and recommendation. Marble objects to Judge Lynch's decision to not consider statutory tolling and his determination that Marble is not entitled to equitable tolling.

Despite these objections, the Court agrees with Judge Lynch's analysis and conclusion, expanding briefly on those arguments raised on objection. Because the parties are familiar with the factual and procedural background, it will not be restated here.

I.

In their respective objections, both Respondents and Marble address Judge Lynch's discussion of statutory tolling. Respondents contend Judge Lynch incorrectly determined that Marble's postconviction appeal was "pending" through June 11, 2009, 15 days after the Montana Supreme Court's May 27 decision. However, this Court interprets Judge Lynch's discussion of this issue differently. Judge Lynch did not definitively say one way or the other if a state postconviction is "pending" until the time to petition for rehearing expires. Rather, Judge Lynch stated that assuming, *in arguendo*, that the limitations period was tolled for those

15 days, Marble still failed to timely file his federal habeas petition. Although Respondents may have concerns as to whether state postconviction actions remain "pending" until a decision is issued or until the time to petition for rehearing expires, such a distinction does not change the outcome of the present case. This is the very point Judge Lynch was attempting to impart in his analysis. Therefore, Respondents' objection lacks merit.

Marble contends that Judge Lynch incorrectly interpreted the Ninth Circuit's mandate as foreclosing reconsideration of his statutory tolling argument even though it has bearing on his equitable tolling argument. However, Judge Lynch considered Marble's arguments in this context, stating "Nevertheless, as a factual matter, how statutory tolling applies in Marble's case is relevant to his argument for equitable tolling. Consequently, both equitable and statutory tolling are discussed below." (Doc. 34 at 3.) Judge Lynch's findings and recommendation then includes a discussion of statutory tolling and its impact on the present matter. Therefore, Marble's objection lacks merit.

II.

Finally, Marble objects to Judge Lynch's determination that he is not entitled to equitable tolling. Marble contends that equitable tolling is appropriate as he was misled by the Montana Supreme Court, which specifically instructed

that he file a petition for habeas corpus. However, Marble fails to address Judge Lynch's analysis regarding the narrow scope of "collateral review" in Montana or his characterization of the Montana Supreme Court's response to Marble's filing. Here, Marble acted under the mistaken belief that filing a state habeas petition was generally available for the purpose of collateral attack on a criminal judgment. Although the Montana Supreme Court initially requested the State respond to his filing and then granted his motion to proceed in forma pauperis, these actions are best described as administrative in nature, not an affirmation that Marble's habeas claims were viable or had merit. As noted by Judge Lynch, "[t]he threshold for obtaining equitable tolling is very high." *Townsend v. Knowles*, 562 F.3d 1200, 1205 (9th Cir. 2009), *abrogated on other grounds by Walker v. Martin*, ___ U.S. ___, 131 S. Ct. 1120, 1124-25 (2011). Marble has failed to demonstrate that the circumstances in this instance meet that threshold.

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 34) is ADOPTED IN FULL. Cody Marble's petition for writ of habeas corpus (Doc. 1) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is

GRANTED as the remand itself shows that reasonable jurists could disagree on the application of equitable tolling.

Dated this 21st day of February, 2014.

Donald W. Molloy, District Judge
United States District Court